UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: ZOTA PETROLEUMS, LLC                              Case No. 11-35079-DOT
      Chapter 11 Debtor-in-Possession

## MEMORANDUM OPINION AND ORDER

      CowanGates, PC, attorney for Telford, LLC, claims attorney fees in connection with Telford's landlord claim for rent on premises located at 7834 Parham Road, Richmond, Virginia. CowanGates has not filed an application for compensation as required by Bankruptcy Rule 2016(a). Rather the attorney has submitted two statements for its charges, which total $10,123.58, consisting of $9,645.50 in fees plus expenses of $478.08.

      The firm's charges are based on hourly rates of two attorneys — $275 (Frank Rennie) and $175 (Tessie Bacon). The statements have not calculated separate total charges for each attorney. The court calculates approximately 43 total billing hours in the statements, most of which were charged by Ms. Bacon. The statements reveal in somewhat imprecise detail that the attorneys prepared and filed a motion for relief from stay, reviewed the tenant payment amount required to cure the delinquency in rent, and prepared an application for allowance of administrative expenses. The administrative expense claim is for Telford's past due rent, unpaid real property taxes, and CowanGates' fee and expenses.

      Objecting to the fee request, the trustee asserts that the fees were not incurred by counsel in enforcing the lease and that no demand was made for

attorney fees as required by the lease. The court finds that under the circumstances of the tenant's bankruptcy filing, the landlord's actions in this case constitute both "demand" and "enforcing the lease," thus satisfying ¶26(f) of the lease, which provides that upon demand the landlord is entitled to reasonable attorney's fees "incurred by Landlord in enforcing this lease."

Courts in the Eastern District of Virginia have used two rather different approaches to determine reasonable compensation for professionals in bankruptcy cases. The older approach evaluates fees by the lodestar method, under which 12 factors are applied to determine the attorney's reasonable rate and the reasonable number of hours. *See Equal Employment Opportunity Comm'n v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). After application of these factors, the product of reasonable hours and a reasonable rate constitutes the lodestar figure. *See In re Great Sweats, Inc.*, 113 B.R. 240, 241-242 n.1 (Bankr. E.D. Va. 1990).[1] *See also In re*

---

[1] The 12 lodestar factors to be considered on the reasonableness of an attorney's fee are:
1) the time and labor expended;
2) the novelty and difficulty of the question raised;
3) the skill required to properly perform the services;
4) the attorney's opportunity costs in pressing litigation;
5) the customary fee for like work;
6) the attorney's expectations at the outset;
7) the time limitations imposed by client or circumstances;
8) the amount in controversy and results obtained;
9) the experience, reputation and ability of the attorney;
10) the undesirability of the case within the local legal community;
11) the nature and length of the professional relationship between attorney and client; and
12) attorney's fee awards in similar cases.

*Tobacco Row Phase IA Dev., L.P.*, 338 B.R. 684 (Bankr. E.D. Va. 2005).

More recently, Judge Mitchell of this district has ruled that the *Great Sweats* 12 factor test has been replaced by subsequent bankruptcy code amendments and that reasonable compensation should be determined by the factors prescribed in Code § 330(a)(3). *In re Robinson,* 368 B.R. 492, 498, n.3 (Bankr. E.D. Va. 2007).[2]

The factors set out in § 330(a)(3) do not preclude consideration of the more detailed lodestar analysis, and either test should produce the same result.

In this case, it is not clear from the law firm's imprecise billing statements why it was necessary for it to file a stay relief motion and both an objection to cure amount and an application for allowance of administrative expense. Neither is it clear why so much time was necessary for the latter. These were not particularly difficult matters, and, aside from the counsel fees, have been resolved by agreement

---

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). In *Great Sweats*, Judge Shelley stated that the Fourth Circuit approach uses a "hybrid of the lodestar and 12-factor tests." 113 B.R. at 241.

[2]Section 330(a)(3) provides as follows:
(3)(A) In determining the amount of reasonable compensation to be awarded..., the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

of the parties. The 43 hours of charges exceed what the court considers necessary under the circumstances of the debtor's bankruptcy case. The charges are thus higher than necessary and exceed the customary fee for similar services. Accordingly, the court reduces the claimed charges by approximately fifteen hours and concludes that a reasonable fee for the attorney's services is $6,500 plus expenses as claimed.

Accordingly, IT IS ORDERED that CowanGates, PC, is allowed a reasonable attorney fee in the amount of $6,500 plus expenses in the amount of $478.08, which amounts are allowed as part of Telford, LLC's, administrative rent expense approved in a separate order.

Signed this    day of December, 2011.

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Douglas Scott, Esquire
Douglas A. Scott, PLC
1805 Monument Avenue, Suite 311
Richmond, Virginia 23220
*Counsel to Debtor*

Tessie O. Barnes Bacon, Esquire
Frank F. Rennie, IV, Esquire
CowanGates, PC
1930 Huguenot Road
P.O. Box 35655
Richmond, Virginia 23235-0655

*Counsel to Telford, LLC*

Ellen L. Valentine, Esquire
Kimberly A. Pierro, Esquire
Loc Pfeiffer, Esquire
Peter Barrett, Esquire
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
*Counsel to Keith L. Phillips, Chapter 11 Trustee*

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*