**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| In re: Zota Petroleums, LLC., | Case No. 11-35079-DOT |
| Debtor | Chapter 11 |

## MEMORANDUM OPINION AND ORDER

### Background.

Keith L. Phillips, chapter 11 trustee for this estate, filed a motion to rehear the court's denial of the assumption and assignment of a contract between debtor and Sant Corporation. The contract is known as the Sant Supply Agreement, and it provides for Sant to provide fuel for debtor's store number 642, located at 2200 West Mercury Blvd., Hampton, Virginia.

The Sant Supply Agreement was included in a block of contracts and leases that the trustee proposed to sell pursuant to motion filed October 14, 2011. (Docket No. 111) By this motion the trustee sought authority to assume and assign the executory contracts and leases and sell these assets free of liens. On October 24, 2011, the trustee filed a "Notice of Assumption and Assignment of Certain Contracts and Leases and the Cure Amounts for Those Contracts and Leases." (Docket No. 131) Subsequent to this notice, Sant Corporation filed an objection to the trustee's proposal to assume and assign the Sant Supply Agreement, asserting among other reasons that 1) debtor had breached and continued to breach the Sant Supply Agreement by failing to timely make upgrades to the Hampton facility,

1

which breach could not be cured pursuant to Bankruptcy Code § 365(b)(1)(A), and 2) the trustee had failed to provide adequate assurance of future performance and cure pursuant to § 365(b) and (f). (Docket No. 153)

On November 21, 2011, at hearing on the trustee's proposed sale, assumption, and assignment of contracts and leases, the court found that there were two competing bidders for these assets, LAP Petroleum, LLC, and Sant Corporation. The court ruled that an auction should take place between these parties. Following a recess to allow the auction to take place, trustee's counsel announced to the court that LAP was the high bidder for a price of $925,000. It then became necessary for the court to resolve Sant's objection to the trustee's assumption and assignment of the Sant Supply Agreement.

Sant's counsel continued to maintain that the debtor's default under the agreement was not curable and that the trustee had not provided evidence constituting adequate assurance of cure and future performance under § 365(b) and (f). In connection with Sant's objection, the trustee called a witness, Atul Patel, a principal of LAP, who stated that he was qualified to speak on its behalf. Mr. Patel testified that LAP was willing and ready make the contractually required upgrades to the Hampton facility. However, he did not offer evidence of LAP's ability to do so or to perform the contract in the future.

Following the testimony of Patel and three other witnesses and argument by counsel for Sant, LAP, and the trustee, the court continued the hearing to the following day, November 22, 2011. At the continued hearing the court reserved

ruling on Sant's objection and requested counsel for the trustee and Sant to submit competing orders. On November 29, the court scheduled a conference call during which the court advised counsel that Sant's objection would be upheld on the basis that no evidence had been presented of LAP's ability to cure the breach and to perform in the future. The court found it unnecessary to make a ruling on Sant's argument that the breach could not be cured. The court requested Sant's counsel to make several changes to the order he had previously submitted. A hearing was later held on November 29 at which counsel for the trustee and LAP argued that the court should reconsider the ruling announced on November 29. No evidence was presented at this hearing.

The order approving the trustee's sale of substantially all of debtor's assets was entered on November 30, 2011. This order approving the sale did not include the trustee's assumption, assignment, or sale of the Sant Supply Agreement.

<u>Trustee's Motion To Rehear or Reconsider.</u>

The trustee asserts in his motion that during the hearing held on November 29, 2011, he had been unable to present evidence of LAP's ability to cure the debtor's breach of the Sant Supply Agreement or to perform the agreement in the future because on that day LAP's principal, Bharet Patel, had flown to India for a funeral and was unavailable to be present. In his motion, the trustee proffers testimony Mr. Patel would have given had he been present to prove LAP's ability to perform these acts. The trustee's argument is that pursuant to Fed. R. Civ. P. 59, the court should grant a rehearing because Mr. Patel can provide new evidence that

3

was not available at trial. The trustee further argues that Fed. R. Civ. P. 60(b)(6) allows the court to grant relief for "any other reason that justifies relief."

<u>Discussion and Conclusions of Law.</u>

Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59 are applicable to motions for amendment of court orders, commonly referred to as motions to reconsider or for reconsideration. *See* 10 *Collier on Bankruptcy* ¶ 9023 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2010). In order for a bankruptcy court to alter or amend an order or judgment under Federal Rule 59, a movant such as the trustee must show that reconsideration is necessary on at least one of three grounds: (1) for manifest error of law; (2) for manifest error of fact; or (3) for newly discovered evidence. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Jefferson Bank v. Devault Mfg. Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 385 (Bankr. E.D. Pa. 1980), *aff'd*, 14 B.R. 536 (E.D. Pa. 1981); *see generally* Fed. R. Civ. Pro. 59(a)(1)(B) (stating that a rehearing can be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity . . ."). Thus, in practice, the grounds for motions seeking new trials boil down to either a manifest error of law or fact by the court or some type of newly-discovered evidence. *See* 10 *Collier on Bankruptcy* at ¶ 9023.01[2] ; 12 *Moore's Federal Practice* § 59.13[3][a] (Matthew Bender 3d ed.).

In addition, because a motion for a new trial is addressed to the discretion of the court, rulings on such motions are subject to reversal only when there has been some mistake of law in the development of the court's order, or in the alternative, if

4

the court has either failed to exercise its discretion or somehow abused that discretion. *See* 10 *Collier on Bankruptcy* at ¶ 9023.01[2].

The trustee argues, essentially, that there is newly discovered evidence to support his assignment and sale of the Sant Supply Agreement. The court must reject this argument because any evidence in support of LAP's ability to comply with § 365(b) and (f) is not newly discovered. Such evidence was or should have been available when the trustee presented evidence at the full hearing on the trustee's sale motion held on November 21, 2011.[1] The new evidence referred to in the cases considering Rule 59 is evidence that was not discovered until after trial. It was clear from Sant's filed objection to the trustee's notice establishing bid procedures and the argument of Sant's counsel at hearing on November 21 that it would be necessary for the trustee or LAP to present the evidence alluded to in the trustee's current motion. That evidence was not forthcoming on November 21, and the court cannot rely on Rule 59 to cure this defect. Additionally, the court declines to invoke Rule 60(b)(6) in the present circumstances.

Accordingly, **IT IS ORDERED** that the trustee's motion to rehear is **DENIED**.

---

[1] The court does not know whether Atul Patel, who testified at hearing, and Bharet Patel, mentioned in the trustee's motion to rehear, are the same individual. Regardless, Atul Patel testified that he was an agent for LAP and authorized to speak on its behalf. Further, prior to his testimony, Atul Patel had participated in the auction on behalf of LAP, another indication of his stature in the company. At hearing, his authority to speak on behalf of LAP and his knowledge of the company were not questioned.

Signed _____

                                        /s/ Douglas O. Tice Jr.
                                        Chief Judge
                                        United States Bankruptcy Court

Copies:

Christopher L. Perkins
Christian K. Vogel
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street (ZIP – 23219)
Post Office Box 2499
Richmond, Virginia 23218-2499

Peter J. Barrett, Esq.
Kimberly A. Pierro, Esq.
Kutak Rock, LLP
1111 East Main Street
Suite 800
Richmond, Virginia 23219

Steven L. Brown
Wolcott Rivers Gates
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452

Keith L. Phillips
311 South Boulevard
Richmond, VA 23220

Robert B. Van Arsdale
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219